**In re Larry CUMMINS.**

**Thomas E. HAYS, Jr.; Larry Cummins Chevrolet, Inc.; Cummins Chevrolet & Geo, Inc.; and Coke Chevrolet Company, Plaintiffs,**

v.

**Larry CUMMINS, Defendant.**

**Larry CUMMINS, Counterclaimant,**

v.

**Thomas E. HAYS, Jr.; Larry Cummins Chevrolet, Inc.; Cummins Chevrolet & Geo, Inc.; and Coke Chevrolet Company, Counterclaim Defendants.**

**James F. Dowden, Trustee, Intervenor.**

Bankruptcy No. 91–16453 S.
Adv. No. 92–6508.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Aug. 6, 1993.

---

William Waddell, Little Rock, AR, for plaintiffs.

Richard Crockett, Little Rock, AR, for defendant.

## ORDER DENYING DEBTOR'S MOTION TO DISMISS COUNTERCLAIM

MARY D. SCOTT, Bankruptcy Judge.

This adversary proceeding should not be an overly complicated case. Through the procedural errors, bad faith maneuvering, and continual reversal of positions and statements of debtor's counsel, however, it has become a morass.

The adversary proceeding was initiated by the Complaint, filed on March 11, 1992, to which an Answer and Counterclaim was filed on May 8, 1992. Inasmuch as the counterclaim made no legal sense, debtor, pursuant to Rule 12, Federal Rules of Civil Procedure, moved to amend the counterclaim. When the reply to the counterclaim was filed on June 12, 1992, the entire adversary proceeding was at-issue and all counsel and parties were obligated to conduct the litigation in a manner consistent with the Federal Rules of Civil Procedure as well as the considerations embodied in the rules of professional responsibility.

Counterclaimant seeks dismissal pursuant to Rule 41(a), Federal Rules of Civil Procedure. The Court finds that to dismiss the adversary proceeding without prejudice at this juncture of the case would be prejudicial to the counterclaim defendants and would constitute an abuse of process such that the motion must be denied. *See Hartford Accident & Indemnity Company v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir.1990). The matter will proceed to trial, as previously Ordered, on August 13, 1993.[1] The history of this case more than demonstrates the grounds for denial of the motion.

■ The major difficulty with this case is the manner in which it has been litigated. First, the counterclaim should never have been filed by the Chapter 7 debtor, individually, without first making demand on the trustee and/or seeking permission to proceed *ex rel* the trustee. The debtor's counterclaim pleads that at least "some" of the causes belong to the estate. Experienced bankruptcy counsel was well aware that the debtor had no standing to file the action.

Due to this improper filing, the trustee was forced to file a motion to intervene, which was granted.[2] Before the trustee submitted a pleading in the adversary case, the case was converted from a case under Chapter 7 to a case under Chapter 11, on May 13, 1993. Soon after the conversion, the Court expressly advised the parties that the conversion did not affect litigation of the adversary proceeding:

> The fact that this case has been converted to a case under Chapter 11 is of no import. The debtor does not exist as two separate entities for purposes of this adversary proceeding. Once the case was converted to a case under Chapter 11,

1. In light of the tortured history of this case, the assertion by counterclaim defendants that the matter should be dismissed with prejudice appears to have some merit. However, the Court deems that the better course is for all of the claims to be tried, as scheduled, on August 13, 1993.

2. A motion under Rule 17(a), Federal Rules of Civil Procedure might have been more tidy.

the debtor-in-possession took the place of the debtor as defendant and counterclaimant.

*Order* (June 3, 1993). The transfer in interest of the causes of action served to grant to the debtor what he did not have in the first instance: standing as a real party in interest to litigate the counterclaim.

■ The debtor appears to believe that the fact that the case was converted halts litigation or trial of the counterclaim until the debtor-in-possession takes some affirmative action, apparently by intervention or other action to "assert" the causes. *See Application to Employ Attorneys as Special Counsel* ¶ 9 (May 18, 1993).[3] Debtor is mistaken. The litigation continues.

Under the Federal Rules of Civil Procedure, if an interest is transferred during the pendency of a lawsuit, any party *may* file a motion to substitute parties. Fed. R.Civ.Proc. 25(c). Thus, plaintiffs or debtor could have moved to have the "debtor-in-possession" substituted as the party counterclaimant. Failure to do so, however, does not halt the litigation. Further, failure to substitute parties does not make the outcome less binding upon the entity which holds the transferred interest, the debtor-in-possession. Particularly where, as here, the same individual and counsel have in fact been prosecuting the action.

While it is true that under the Bankruptcy Code, an "estate" is created by the filing of the petition, 11 U.S.C. § 541, creating legal, factual and procedural distinctions, this case has in fact been prosecuted, correctly or incorrectly, by one individual and by his counsel, appointed and unappointed. In light of these circumstances, it would be a gross waste of the judicial resources of this Court, of the state court, and of all parties, to permit debtor's tardy and contradictory actions and statements to halt this litigation.

Debtor cannot now argue need for additional counsel. He has been repeatedly advised to associate co-counsel and there are sufficient people in the Crockett & Brown firm who are presumed to be hired under Rule 2014(b). The application for payment of fees indicates that there are at least four attorneys in that firm who have worked on this case. Further, the testimony on July 28, 1993, indicates that Harvey Bell is not contemplated to be counsel for the purpose of trying the case in bankruptcy court, but only trying a case in circuit or district court if it goes to jury trial. This was demonstrated by Bell's testimony:

> Q Now, Mr. Bell, do you intend to participate in the trial in this court on August the 13th if your application is approved?
>
> A At this juncture, no. My engagement is solely for Circuit Court or U.S. District Court on jury trial tort issues.
> * * *

Bell testimony at 44–45. On cross-examination, by Robert J. Brown of Crockett & Brown, P.A., Bell's testimony was the same: his scope of employment was solely to pursue the Circuit Court litigation matters. Debtor's bankruptcy counsel corroborated this testimony:

> Q Mr. Crockett, you heard Mr. Bell say that he did not intend to participate in the August 13 hearing?
>
> A I heard him say that, yes, sir.
>
> Q And is that your plan, too?
>
> A I do not plan to ask him to assist in that trial.

Crockett testimony at 54.

Finally, the Court has *continually* advised all parties that this long pending adversary proceeding is going to trial on *all* claims.[4] For example, at the pretrial conference held on April 6, 1993, the Court concluded the conference with the follow-

---

**3.** If this were true, the debtor's inaction with respect to the assertedly valuable causes of action, which are property of estate and are expected to fund the plan, could be grounds for appointment of a trustee.

**4.** The fact that Crockett has worked so hard to avoid this trial causes the Court to wonder who he represents. Clearly, he is not endeavoring on behalf of the estate who holds the claims. This is a matter to be considered at the hearing on the fee application.

ing statement on the record, in the presence of all counsel:

"I'm going forward with the AP. The Court will enter a Pretrial Order. There will be no continuances granted." ... "You can get whatever else done you want to do; get it done. We will be going forward."

On April 7, 1993, the Court issued a Pretrial Order which stated in part:

Extensive discovery has been conducted and this case is ready to be placed in a trial posture. In light of the history of this case, the Court deems it appropriate that a pretrial order be issued and strictly enforced. The parties shall comply with directives set forth below and are advised that no extensions of the deadlines in this Order will be granted absent extreme exigent circumstances. *The burden is upon counsel and the individual parties to strictly comply with the directives set forth below and to be prepared for trial.* The parties are further advised that health concerns of the attorneys will not constitute exigent circumstances. Both parties are represented by firms employing sufficient personnel to ensure compliance with the directives of this Order and attendance at the duly scheduled trial. Accordingly, counsel for each party shall ensure that some other attorney is sufficiently knowledgeable of the pleadings and facts of the case and is sufficiently prepared to go forward with the prosecution and defense of their respective cases in the event of illness of lead counsel.

(Emphasis added.) On May 13, 1993, the Court issued an Order filed in the main bankruptcy case file which converted the case to a case under Chapter 11. That Order provided in part:

Inasmuch as the debtor asserts that its plan will be funded in part by proceeds derived from successful litigation of the issues pending in the adversary proceeding ... it is imperative that the adversary proceeding litigation proceed in an expeditious manner, despite additional duties and work to be performed by the debtor and his attorneys in the context of the Chapter 11 proceeding. Accordingly, all parties must strictly adhere to the deadlines and duties imposed by the Court's Pretrial Order issued in the *Hays v. Cummins* file on April 7, 1993.

On June 3, 1993, the Court issued an Order in the adversary proceeding which concluded as follows:

The parties are once again advised that they must strictly adhere to the Court's Pretrial Order of April 7, 1993.

Finally, on July 28, 1993, the Court once again advised the parties that:

The counterclaim that is lodged in the adversary proceeding that is set to go to trial on August 13th is still pending. It has not come off. I have entered an order asking the parties to show cause because the debtor does not appear to be pursuing it, at least by the pretrial findings, but I in no way have ruled with regard to that counterclaim, and at this point in time that is still for trial on August 13th. I realize that Mr. Crockett said he didn't think it would be tried but I would seriously, seriously advise the parties not to rely on that, and at this point instead you should be thinking it is going to go to trial because it is on the docket and it has not been dismissed.

At no time did the Court indicate that only the complaint was set for trial. Indeed, as quoted above, the Order of June 3, 1993, again put the parties on notice that all claims would be tried: "Once the case was converted to a case under Chapter 11, the debtor-in-possession took the place of the debtor *as defendant and counterclaimant." Order* (June 3, 1993) (emphasis added).

Counsel appears to believe that all debtor must do to avoid trial is to fail to litigate the counterclaim *filed by debtor.* Indeed, at the hearing on July 28, 1993, counsel flatly stated that Mr. Bell would not be assisting at trial before this Court; he had not been sought to be hired for purposes of appearing in Bankruptcy Court, but only for state court. It appears that they believe debtor elected to go forward only in state court, where they will have Mr. Bell

prosecute the claims,[5] and that merely by obstreperous conduct in this Court, they may avoid the litigation *Cummins filed* here. Such tactics will not work. The debtor cannot, by asserting it has failed to substitute "debtor" for "debtor-in-possession" as the counterclaimant in this adversary proceeding, avoid the litigation. Under the Federal Rules of Civil Procedure, a transfer of interest, such occurred here from the Chapter 7 estate to the Chapter 11 estate, is mechanical and facile. See generally Fed.R.Civ.Proc. 25(a). Further, the matter may proceed to trial, and will be binding upon the transferee entity, despite the failure to seek to add the two words "in possession" to the caption of the pleadings. See *id.*

**ORDERED** that the Motion to Dismiss Counterclaim Without Prejudice, filed on July 29, 1993, is DENIED.

**IT IS SO ORDERED.**

**5.** By separate Order, the Court has denied the application to hire Mr. Bell.